UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PEASTER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>McDONALD'S CORPORATION, a Delaware corporation, and CHRISTOPHER KEMPCZINSKI,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-07037<br><br>Honorable Nancy L. Maldonado |

**McDONALD'S CORPORATION AND CHRISTOPHER KEMPCZINSKI'S
MOTION FOR DISMISSAL OF PLAINTIFFS' COMPLAINT**

　　Defendants, McDonald's Corporation ("McDonald's Corp.") and Christopher Kempczinski ("Kempczinski") (together, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to the dismiss all claims asserted against them in the Complaint filed by Plaintiff Michael Peaster ("Plaintiff"). In support of their Motion, Defendants state as follows.

　　Plaintiff's Section 1981 disparate treatment, hostile work environment and retaliation claims, as well as Plaintiff's intentional infliction of emotional distress claims against Defendants are legally deficient and should be dismissed *with prejudice* for the following reasons:

　　1.　　First, relative to his disparate treatment and retaliation claims, Plaintiff has failed to satisfy the "but for" standard required to establish a *prima facia* case for his claims because he pleads in the Complaint that the Defendants' alleged acts of discrimination and retaliation were

motivated by more than just his race. *See Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009 (2020). In addition, Plaintiff's disparate treatment and retaliation claims rest on actions allegedly taken by Defendants that do not rise to the level of being materially adverse actions sufficient to support his claims. *Brown v. Advoc. S. Suburban Hosp.*, 700 F.3d 1101, 1107 (7th Cir. 2012).

2. Second, Plaintiff's allegations supporting his hostile work environment claims fail to meet the severe or pervasive standard required to show that the conduct altered the conditions of his employment. *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334, 339 (7th Cir. 2002).

3. Third, Plaintiff has failed to specifically plead that he engaged in any conduct that is in fact protected by Section 1981 therefore his retaliation claim is legally deficient as a matter of law. *See Narbaiz v. TCF Fin. Corp.*, No. 08 C 17, 2009 WL 1346246, at *2 (N.D. Ill. May 8, 2009).

4. Fourth, Plaintiff's intentional infliction of emotional distress claims must be dismissed because:

   a. They are "inextricably linked" to his claims alleging civil rights violations and are therefore preempted by the Illinois Human Rights Act, *Beard v. City of Chicago*, 299 F. Supp. 2d 872, 874 (N.D. Ill. 2004); and

   b. Even if his claims were not preempted (which they are), they fail to allege the kind of outrageous conduct required to successfully plead intentional infliction of emotional distress under prevailing law. *Metro. All. of Police v. Ne. Illinois Reg'l Commuter R.R. Corp.*, No. 18-cv-02468, 2020 WL 814870, at *5 (N.D. Ill. Feb. 19, 2020).

5. Finally, Plaintiff has failed to plead facts sufficient to establish that Kempczinski, McDonald's Corporation's CEO, had specific intent to discriminate and/or retaliate against him on the basis of his race or that Kempczinski participated in any other constitutional deprivation of Plaintiff's rights. This fatal deficiency requires Kempzcinski's immediate dismissal from this case. *See James v. Get Fresh Produce, Inc.*, No. 18-C-4788, 2018 WL 6199003, at *7 (N.D. Ill. Nov. 28, 2018).

The deficiencies noted above cannot be cured by repleading. Accordingly, for the reasons discussed above and as set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint filed contemporaneously herewith, McDonald's Corporation and Christopher Kempczinski respectfully submit that Plaintiff's claims against them. should be dismissed in their entirety *with prejudice*.

Dated: February 13, 2023

    Respectfully submitted,

    By:   /s/*Nigel F. Telman*

Nigel F. Telman
Alexandra S. Oxyer
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
aoxyer@proskauer.com

*Attorneys for Defendants McDonald's Corp. and Christopher Kempczinski*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2023, the foregoing document was filed with the Clerk of the Court and notice was sent via ECF notification to:

Carmen D. Caruso
William B. Whitner
CARMEN D. CARUSO LAW FIRM
77 West Washington Street
Suite 1900
Chicago, Illinois 60602
cdc@cdcaruso.com
wbw@cdcaruso.com

*/s/ Nigel F. Telman*
Nigel F. Telman

4