# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **MICHAEL PEASTER,** | |
| **Plaintiff,** | **Case No. 1:22-cv-07037** |
| **vs.** | **Hon. Lindsay C. Jenkins** |
| **McDONALD'S CORPORATION, a Delaware corporation, and CHRISTOPHER KEMPCZINSKI,** | **Magistrate Judge Heather K. McShain** |
| | **Jury Trial Demanded** |
| **Defendants.** | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## McDONALD'S CORPORATION'S MOTION FOR SUMMARY JUDGMENT

**Submitted by:**

Carmen D. Caruso (#6189462) – cdc@cdcaruso.com
William B. Whitner (#6331564) – wbw@cdcaruso.com
CARMEN D. CARUSO LAW FIRM
77 W. Washington St., Ste. 1900
Chicago, IL 60602
T: (312) 626-1160
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL SUMMARY ...................................................................................... 1

   A.   Peaster speaks up at the Company Town Hall. .................................................. 2

   B.   Ralls-Morrison brings Peaster under the control of Global Legal. ................... 3

   C.   Kempczinski treats Peaster as the Invisible Officer. ........................................ 3

   D.   Ralls-Morrison wants GSSI to provide enhanced security for
       McDonald's executives. ................................................................................... 3

   E.   Kempczinski Refuses To Meet With Peaster. ................................................... 4

   F.   Kempczinski instructs Ralls-Morrison to target Peaster's Department for
       budget savings. ................................................................................................ 5

   G.   The Mexico City/Brazil Trip. ......................................................................... 5

   H.   The Pierre Hotel Incident. ............................................................................... 7

   I.   Credibility issues of Kempczinski and Ralls-Morrison. ................................... 9

   J.   Further Evidence after Peaster's termination. .................................................. 9

III.  STANDARD OF LAW ....................................................................................... 9

IV.  QUESTIONS OF FACT REQUIRE TRIAL ON PEASTER'S DISPARATE
       TREATMENT CLAIM .................................................................................. 10

   A.   Peaster establishes a *prima facie* case of discrimination. ............................. 11

   B.   Peaster suffered multiple adverse employment actions. .................................. 11

   C.   Peaster Identified Appropriate Comparators. ................................................. 12

   D.   The Legitimate Expectations Argument is Inappropriate at Summary Judgment. ........... 13

   E.   There is strong evidence of pretext. ............................................................... 14

V.   QUESTIONS OF FACT REQUIRE TRIAL ON PEASTER'S RETALIATION CLAIM.. 15

   A.   Peaster engaged in protected activity. ............................................................ 16

   B.   McDonald's took materially adverse actions against Peaster after the Town Hall. ......... 16

   C.   There Is a Causal Connection Between the Protected Activity and Adverse Actions ...... 16

   D.   Significant Evidence of Pretext. .................................................................... 17

VI.  CONCLUSION ................................................................................................. 17

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Ajayi v. Aramark Bus. Servs., Inc.*,
336 F.3d 520 (7th Cir. 2003) .................................................................... 15

*Alexander v. Casino Queen, Inc.*,
739 F.3d 972 (7th Cir. 2014) .............................................................. 11, 12

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ......................... 8, 9

*Baines v. Walgreen Co.*,
863 F.3d 656 (7th Cir. 2017) .................................................................... 14

*Balance v. City of Springfield*,
424 F.3d 614 (7th Cir. 2005) .................................................................... 10

*Belour v. Adapt of Illinois, Inc.*,
460 F. Supp. 2d 867 (N.D. Ill. 2006) ......................................... 8, 10, 12

*Bob-Maunuel v. Chipotle Mexican Grill, Inc.*,
10 F. Supp. 3d 854 (N.D. Ill. 2014) .................................................. 10, 16

*Brown v. Osmundson*,
38 F.4th 545 (7th Cir. 2022) ...................................................................... 9

*Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*,
908 F.3d 290 (7th Cir. 2018) ...................................................................... 9

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ............................. 9

*Chuang v. Univ. of Cal. Davis, Bd. of Trs.*,
225 F.3d 1115 (9th Cir. 2000) .................................................................. 10

*City of Chicago v. Equte LLC*,
693 F. Supp. 3d 879 (N.D. Ill. 2023) ......................................................... 9

*Coleman v. Donahoe*,
667 F.3d 835 (7th Cir. 2012) .......................................................... 10, 11, 12

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,*
   589 U.S. 327 (2020) ........................................................................... 9

*France v. Johnson,*
   795 F.3d 1170 (9th Cir. 2015) ......................................................... 10

*Grayson v. O'Neill,*
   308 F.3d 808 (7th Cir. 2002) ........................................................... 12

*Humphries v. CBOCS West, Inc.,*
   474 F.3d 387 (7th Cir.2007) ............................................................ 12

*In re CMGT, Inc.,*
   384 B.R. 497 (Bankr. N.D. Ill. 2008) ............................................. 11

*Kayyal v. Enhanced Recovery Co., LLC,*
   2019 WL 4601743 (N.D. Ill. Sept. 23, 2019) ................................ 12

*Keller v. Indiana Fam. & Soc. Servs. Admin.,*
   639 F. Supp. 2d 928 (S.D. Ind. 2009) .............................................. 9

*Kilgore v. FedEx Freight,*
   458 F. Supp. 3d 973 (N.D. Ill. 2020) ............................................... 9

*Knox v. CRC Mgmt. Co., LLC,*
   134 F.4th 39 (2d Cir. 2025) ............................................................. 12

*Krchnavy v. Limagrain Genetics Corp.,*
   294 F.3d 871 (7th Cir.2002) .............................................................. 9

*Lewis v. City of Chicago,*
   496 F.3d 645 (7th Cir. 2007) ........................................................... 15

*Malin v. Hospira, Inc.,*
   762 F.3d 552 (7th Cir. 2014) ..................................................... 14, 15

*Marr v. Bank of Am., N.A.,*
   662 F.3d 963 (7th Cir. 2011) ........................................................... 12

*Ortiz v. Werner Enters., Inc.,*
   834 F.3d 760 (7th Cir. 2016) ........................................................... 10

*Peaster v. McDonald's Corp.,*
   2023 WL 5387573 (N.D. Ill. Aug. 22, 2023) ................................ 11

*Perez v. Thorntons, Inc.*,
   731 F.3d 699 (7th Cir. 2013) ........................................................................... 14

*Reives v. Illinois State Police*,
   29 F.4th 887 (7th Cir. 2022) ............................................................................ 11

*Sattar v. Motorola, Inc.*,
   138 F.3d 1164 (7th Cir. 1998) ......................................................................... 14

*Senner v. Northcentral Technical Coll.*,
   113 F.3d 750 (7th Cir.1997) .............................................................................. 9

*Singmuongthong v. Bowen*,
   77 F.4th 503 (7th Cir. 2023) ........................................................................... 10

*Srail v. Village of Lisle*,
   588 F.3d 940 (7th Cir.2009) ............................................................................ 12

*Texas Dep't of Cmty. Affs. v. Burdine*,
   450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) ..................................... 10

*Thakkar v. Station Operators Inc.*,
   697 F. Supp. 2d 908 (N.D. Ill. 2010) ............................................................... 12

*Tsur v. Intel Corp.*,
   648 F. Supp. 3d 1292 (D. Or. 2022) ................................................................ 10

*Wehrle v. Cincinnati Ins. Co.*,
   719 F.3d 840 (7th Cir. 2013) ............................................................................ 9

*Wohl v. Spectrum Mfg., Inc.*,
   94 F.3d 353 (7th Cir.1996) ................................................................................ 9


Statutes

42 U.S.C. § 1981 ......................................................................................... 9, 12, 14, 15


Rules

Fed. R. Civ. P. 56 ................................................................................................. 0

iii

Plaintiff Michael Peaster, by his attorneys and under Fed. R. Civ. P. 56 and LR 56.1(b)(2), submits his Memorandum in Opposition to Defendant McDonald's Corp.'s Motion for Summary Judgment (Dkt. 138, 139, 140).

## I.     **INTRODUCTION**

After rising from a security consultant to the leader of McDonald's Global Safety, Security, and Intelligence Department ("GSSI") over the course of a thirty-five-year career at McDonald's, African American Plaintiff Michael Peaster was terminated because (according to Defendants) Desiree Ralls-Morrison (McDonald's Global Chief Legal Officer) allegedly lost faith in Peaster's ability to protect the CEO, Chris Kempczinski. The evidence tells a different story. After Peaster publicly questioned McDonald's lack of progress on equal rights and equal pay and publicly questioned (to his face) whether Kempczinski would remain in a leadership role at McDonald's following Kempczinski's racially charged text messages to then-Chicago Mayor Lori Lightfoot, Peaster was ostracized by Kempczinski, had his department targeted for budget cuts, was denied resources needed to adequately run his department, and ultimately fired for security incidents that occurred as a result.

This case is about a targeted elimination of a loyal employee whose crime was speaking truth to power at a Company forum. The record contains sufficient evidence from which a jury could find that Kempczinski and McDonald's (acting through Global Chief Legal Officer, Desiree Ralls-Morrison), treated Peaster differently than his white peers, undermined his role, and ultimately caused the conditions that resulted in the security incidents Ralls-Morrison pretextually claims caused her to lose faith in Peaster's ability to protect Kempczinski. A jury must decide these facts and this motion must be denied.

## II.     **FACTUAL SUMMARY**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[1] "¶" refers to paragraphs in Peaster's LR 56.1(b)(3)(C) Statement of Additional Facts. "§" refers to paragraphs in Peaster's LR 56.1(b)(3)(B) Responses to Defendants' Corrected Statement of Uncontested Material Facts.

4

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████

   ██████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      ██████████████████████████████████████

   ██████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████████████████

      █████

      ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[3] ████████████████████████████████████████████
████████

███████████████████████████████████████████████████████

█████████

          ███████████████████████████████████████

      ████████████████████████████████████████████████████

███████████████████████

          ██████████████████████████████████████

      █████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

## III.    <u>STANDARD OF LAW</u>

"Weighing evidence and making credibility decisions are jury functions, and it is not appropriate for a judge to assume those functions when deciding a summary judgment motion." *Belour v. Adapt of Illinois, Inc.*, 460 F. Supp. 2d 867, 873 (N.D. Ill. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The summary judgment standard is applied 'rigorously' in employment discrimination cases because intent

and credibility are such critical issues and direct evidence is rarely available" (*Keller v. Indiana Fam. & Soc. Servs. Admin.*, 639 F. Supp. 2d 928, 937–38 (S.D. Ind. 2009), *as amended* (Sept. 18, 2009), *aff'd*, 388 F. App'x 551 (7th Cir. 2010), citing *Wohl v. Spectrum Mfg., Inc.,* 94 F.3d 353, 354 (7th Cir.1996); and *Senner v. Northcentral Technical Coll.,* 113 F.3d 750, 757 (7th Cir.1997)); see also *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir.2002)). Peaster presents sufficient evidence "for a jury to return a verdict for" Peaster when the evidence is viewed "in the light most favorable to [Peaster]", and "all reasonable inferences are drawn in [Peaster's] favor" as required as a matter of law. *See*, *City of Chicago v. Equte LLC*, 693 F. Supp. 3d 879, 888 (N.D. Ill. 2023).[4] A jury must be permitted to determine McDonald's intent and its witness' credibility, so the Court must deny its motion for summary judgment.

## IV. QUESTIONS OF FACT REQUIRE TRIAL ON PEASTER'S DISPARATE TREATMENT CLAIM

To establish a claim under 42 U.S.C. § 1981, a plaintiff must show "that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *Kilgore v. FedEx Freight*, 458 F. Supp. 3d 973, 978 (N.D. Ill. 2020). "The question on summary judgment is whether the evidence as a whole would allow a reasonable jury to find that plaintiff suffered an adverse job action because of his [race]." *Kilgore v. FedEx Freight*, 458 F. Supp. 3d at 978-79. Courts must evaluate all evidence as a whole,

---

[4] As stated by the court in *Equte*: "Summary judgment obviates the need for a trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) … The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*, 908 F.3d 290, 295 (7th Cir. 2018). "A genuine issue of material fact exists when 'there is sufficient evidence favoring the nonmoving party.' " *Brown v. Osmundson*, 38 F.4th 545, 549 (7th Cir. 2022) (quoting *Anderson*, 477 U.S. at 249) … The Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013)." 693 F. Supp. 3d at 888 (citations original).

whether direct or circumstantial. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 766 (7th Cir. 2016); *Singmuongthong v. Bowen*, 77 F.4th 503, 507 (7th Cir. 2023).

### A. **Peaster establishes a *prima facie* case of discrimination.**

The Seventh Circuit cautions that a plaintiff's burden to offer a prima facie case of discrimination is "not onerous." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012) (citing *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981)).[5] "Evidence is evidence," *Ortiz*, 834 F.3d at 765 (7th Cir. 2016), and there is no required test for direct or circumstantial evidence, but it is common for plaintiffs in this Circuit to present a "convincing mosaic" of evidence or present evidence via the traditional *McDonnell Douglas* framework.[6][7] Under both frameworks, Peaster presents sufficient evidence to overcome summary judgment.

### B. **Peaster suffered multiple adverse employment actions.**

McDonald's does not dispute that Peaster's termination in November 2022 was an adverse employment action. However, McDonald's fails to recognize that Peaster also suffered an adverse

---

[5] See also, *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015) ("The [summary judgment] standard is tempered by our observation that a plaintiff's burden to raise a triable issue of pretext is hardly an onerous one … We have repeatedly held that it should not take much for a plaintiff in a discrimination case to overcome a summary judgment motion") (collecting cases; internal citations omitted); *and see*, *Tsur v. Intel Corp.*, 648 F. Supp. 3d 1292, 1305 (D. Or. 2022) ("[T]he plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record") (citing *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000).

[6] "Circumstantial evidence that can form a convincing mosaic fall into three categories: (1) suspicious timing, ambiguous statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn; 2) evidence that similarly situated employees were treated differently; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 874–75 (N.D. Ill. 2014) (internal citations and quotations omitted).

[7] Under the *McDonnell Douglas* framework, "a plaintiff must establish: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated individuals who are not members of her protected class." *Belour*, 460 F. Supp. 2d at 874 (citing *Balance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005)).

employment action when McDonald's, largely through the actions of Kempczinski and Ralls-Morrison, engaged in conduct that "caused a change in [Peaster's] job duties that reduce[d] [his] further career prospects at McDonald's." Dkt. 46, p. 12 (citing *Reives v. Illinois State Police*, 29 F.4th 887, 894 (7th Cir. 2022)); *see also Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 980 (7th Cir. 2014) ("Adverse employment actions [include] (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects") (internal citations omitted).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████

### C. __Peaster Identified Appropriate Comparators.__

Peaster identified white peers within the Legal Department who were permitted to backfill positions while he was denied that ability. (¶¶ 28–32; §30–34.) This is sufficient to create a factual issue. *Coleman*, 667 F.3d at 846-47 (7th Cir. 2012) (comparator analysis requires substantial similarity, not that they are identical). Whether these comparators are appropriate is a question of

---

[8] Dkt. 46, the Court's August 22, 2023 Memorandum Opinion and Order, is published as *Peaster v. McDonald's Corp.*, No. 22 CV 7037, 2023 WL 5387573, at *5 (N.D. Ill. Aug. 22, 2023).

fact for the factfinder. *Coleman,* 667 F.3d at 846–47 (7th Cir. 2012) (citing *Srail v. Village of Lisle*, 588 F.3d 940, 945 (7th Cir.2009)). The standard for determining comparators is "a "flexible one," which requires a plaintiff to show "substantial similarity" rather than "complete identity" with another employee." *Thakkar v. Station Operators Inc.*, 697 F. Supp. 2d 908, 925 (N.D. Ill. 2010) (quoting *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 404–05 (7th Cir.2007)). Peaster's testimony that these comparators were able to backfill is more than enough at the summary judgment stage, as "[t]he Seventh Circuit has repeatedly stated that self-serving testimony by the plaintiff is enough to create a genuine dispute of a material fact and that it is best left to the jury to determine the credibility of the testimony." *Kayyal v. Enhanced Recovery Co., LLC*, No. 17 CV 2718, 2019 WL 4601743, at *3 (N.D. Ill. Sept. 23, 2019) (citing *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 968 (7th Cir. 2011)). *See also*, *Alexander*, 739 F.3d at 980–81 (finding testimony based on first-hand experience of a decade plus of working at employer defendant to be credible); *and see*, *Knox v. CRC Mgmt. Co., LLC*, 134 F.4th 39, 48 (2d Cir. 2025) (reversing District Court's decision which held plaintiff's self-serving testimony was insufficient to defeat a motion for summary judgment on a Section 1981 claim).

### D. <u>The Legitimate Expectations Argument is Inappropriate at Summary Judgment.</u>

McDonald's argues Peaster failed to meet McDonald's legitimate expectations. But where the expectations are themselves applied in a discriminatory or retaliatory way, the second and fourth prongs of *McDonnell Douglas* merge. *Grayson v. O'Neill*, 308 F.3d 808, 818 (7th Cir. 2002) (merged analysis where same individuals allegedly discriminated and judged performance). The same Ralls-Morrison who claims Peaster fell short is also the one who denied him the tools to succeed. This is not a legitimate expectations defense; it is pretext. See also *Belour*, 460 F. Supp. 2d at 874–75 (disparate application of expectations undermines legitimacy).

13

### E. There is strong evidence of pretext.

Peaster presents evidence that Ralls-Morrison's alleged reasons for losing faith in Peaster are not credible, just as Ralls-Morrison herself is not credible. Defendants cannot explain these contradictions (without limitation):

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████

Defendants will argue they had no motive to take unnecessary security risks, but racism is not rational. There is enough evidence of pretext to where a jury must decide who is credible and who is not. *Perez v. Thorntons, Inc.*, 731 F.3d 699, 710 (7th Cir. 2013) (pretext exists where the employer's stated reason has no basis in fact, did not actually motivate the discharge, or was insufficient to motivate the discharge).[9] A jury can easily conclude that the McDonald's witnesses are lying, that Kempczinski was determined to punish Peaster for his Town Hall statements, and Ralls-Morrison carried out her boss's wishes.

## V. QUESTIONS OF FACT REQUIRE TRIAL ON PEASTER'S RETALIATION CLAIM

To establish a prima facie case of retaliation under 42 U.S.C. § 1981, a plaintiff must show: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there is a causal connection between the two. *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017). A plaintiff can establish the causal link through circumstantial evidence, and the Seventh Circuit has repeatedly held that causation may be inferred from timing, pattern of antagonism, and pretext. *Id.*; *Malin v. Hospira, Inc.*, 762 F.3d 552, 562 (7th Cir. 2014). Peaster has more than met his burden here.

---

[9] McDonald's invokes the common actor inference based on Ralls-Morrison both promoting and firing Peaster. But that is not dispositive. Circumstances can change, and retaliatory pressures can emerge after promotion. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998) (common actor inference does not preclude finding of discrimination where circumstances changed after promotion).

**A.** **Peaster engaged in protected activity.**

Peaster engaged in protected activity when he spoke candidly at the November 2021 Town Hall about McDonald's failure to advance racial equity during his 30-plus years with the company. His statements were aimed at addressing racial inequality in the workplace—a quintessential protected activity under § 1981. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 532 (7th Cir. 2003) (opposition to perceived race-based discrimination constitutes protected activity). He also accused McDonald's – through Kempczinski's conduct – of taken a step back, another criticism of McDonald's race in the workplace.

**B.** **McDonald's took materially adverse actions against Peaster after the Town Hall.**

Peaster suffered multiple materially adverse actions after the Town Hall.



These actions independently qualify as materially adverse because they would dissuade a reasonable employee from engaging in protected activity. *Lewis v. City of Chicago*, 496 F.3d 645, 653 (7th Cir. 2007).

**C.** **There Is a Causal Connection Between the Protected Activity and Adverse Actions.**

McDonald's timing argument fails for two reasons. First, "[t]he mere passage of time is not legally conclusive proof against retaliation." *Malin*, 762 F.3d at 559. Peaster presents evidence of an ongoing pattern of adverse conduct McDonald's (through Kempczinski and Ralls-Morrison) caused Peaster to endure in the lead up to his termination.

16

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████

      **D.  Significant Evidence of Pretext.**

McDonald's identifies alleged "security failures" as the justification for Peaster's termination. ████████████████████████████████████████████ ████████████████████████████████████ The underlying facts rebut McDonald's narrative and support a finding of pretext. *Bob-Maunuel*, 10 F. Supp. 3d at 877 (plaintiff's detailed refutation of employer's version of events created a triable issue on pretext); *and see*, Section IV(E) above.

**VI.**    **CONCLUSION**

For all the foregoing reasons, McDonald's Corporation's motion for summary judgment should be denied and this case should be set for trial.

Dated: May 15, 2025

                              Respectfully submitted,

                              **PLAINTIFF MICHAEL PEASTER**

                              By:      */s/ Carmen D. Caruso*

Carmen D. Caruso (# 6189462) – cdc@cdcaruso.com
William B. Whitner (# 6331564) – wbw@cdcaruso.com
CARMEN D. CARUSO LAW FIRM
77 West Washington Street, Ste. 1900
Chicago, IL 60602
T: (312) 626-1160

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was filed electronically on May 15, 2025. Notice of this filing will be sent to these parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Nigel F. Telman – ntelman@proskauer.com
> Eddie Young – eyoung@proskauer.com
> PROSKAUER ROSE LLP
> Three First National Plaza
> 70 W. Madison St., Ste. 3800
> Chicago, IL 60602

> *Attorneys for Defendants McDonald's Corp. and Kempczinski*

*/s/ Carmen D. Caruso*
