IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-07037 |
| | ) | |
| v. | ) | |
| | ) | Honorable Lindsay C. Jenkins |
| McDONALD'S CORPORATION, a | ) | Honorable Heather K. McShain |
| Delaware corporation, and | ) | |
| CHRISTOPHER KEMPCZINSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MCDONALD'S CORPORATION'S REPLY
<u>IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................1

ARGUMENT .......................................................................................................2

I.  PEASTER'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS VIOLATES THE LOCAL RULES ...................................................................2

    A.  Peaster Violates The Local Rules By Failing To Cite To Record Evidence ................3

    B.  Peaster's Response To Defendants' Facts Is Overloaded With Improper Denials .........................................................................................4

II.  PEASTER CANNOT PREVAIL ON HIS DISPARATE TREATMENT CLAIM ..............5

    A.  Peaster Has Not Established That (i) The Conduct Of Which He Complains Constitutes Adverse Employment Actions and (ii) Defendants' Legitimate Non-Discriminatory Reasons For Such Actions Were Pretextual. ...................................5

    B.  Peaster Fails to Identify any Similarly Situated Employees Treated More Favorably Than Him .........................................................................7

        1.  Peaster Fails To Identify A Comparator For His Employment Termination Claim .......................................................................................7

        2.  Peaster Fails To Identify A Proper Comparator For His Change In Job Duties Claim ...........................................................................8

    C.  Peaster Has Not Established That He Met McDonald's Legitimate Performance Expectations. ..............................................................................9

    D.  Peaster Has Not Shown Pretext ..........................................................10

    E.  Peaster Has Not Established "But For" Causation ....................................15

    F.  The Undisputed Evidence Confirms McDonald's Did Not Act With Discriminatory Intent .......................................................................15

III.  PEASTER CANNOT PREVAIL ON HIS RETALIATION CLAIM................................16

    A.  Peaster has Failed to Demonstrate that he Engaged in Protected Activity .................16

    B.  McDonald's Did Not Take Any Adverse Employment Action Against Peaster With Respect To His Budget. ...............................................................17

    C.  Peaster Failed to Establish Causation .................................................18

D.    There Is No Evidence Of Pretext To Support Peaster's Retaliation Claim. ...............19

E.    Peaster Abandoned His Retaliation Claim Premised On McDonald's Offer Of
      Enhanced Retirement Benefits......................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Argyropoulos v. City of Alton*,
    539 F.3d 724 (7th Cir. 2008) ................................................2

*Aylward v. Hyatt Corp.*,
    No. 03-CV-6097, 2005 WL 1910904 (N.D. Ill. Aug. 5, 2005) .............12

*Blockhus v. United Airlines, Inc.*,
    No. 24-1043, 2024 WL 4234658 (7th Cir. Sept. 19, 2024), *cert. denied*, No.
    24-1054, 2025 WL 1287086 (U.S. May 5, 2025) ................10

*Boswell v. Envoy Air, Inc.*,
    No. 16-CV-10480, 2018 WL 6839857 (N.D. Ill. Dec. 31, 2018)..........17

*Burks v. Wis. Dep't of Transp.*,
    464 F.3d 744 (7th Cir. 2006) ................................................8

*Chi. Reg'l Council of Carpenters Pension Fund v. Carlson Constructors Corp.*,
    No. 17-CV-04242, 2022 WL 874608 (N.D. Ill. Mar. 24, 2022)...........4

*Crain v. McDonough*,
    63 F.4th 585 (7th Cir. 2023) ................................................9

*Dranchak v. Akzo Am., Inc.*,
    No. 92-CV-1295, 1995 WL 470245 (N.D. Ill. Aug. 7, 1995), *aff'd sub nom.*
    *Dranchak v. Akzo Nobel Inc.*, 88 F.3d 457 (7th Cir. 1996) ...............19

*Est. of Biegert v. Molitor*,
    968 F.3d 693 (7th Cir. 2020) ................................................1

*Franklin v. Maximus, Inc.*,
    No. 21 CV 4367, 2024 WL 5077767 (N.D. Ill. Dec. 11, 2024) (J. Jenkins) ...........8

*Grayson v. O'Neill*,
    308 F.3d 808 (7th Cir. 2002) ................................................10

*Hammel v. Eau Galle Cheese Factory*,
    407 F.3d 852 (7th Cir. 2005) ................................................1

*Henderson v. Marker*,
    No. 13-CV-2621, 2014 WL 886833 (N.D. Ill. Mar. 5, 2014), *aff'd*, 581 F.
    App'x 577 (7th Cir. 2014) ................................................16

*Hinterberger v. City of Indianapolis*,
  966 F.3d 523 (7th Cir. 2020) .................................................2

*Ineichen v. Ameritech*,
  410 F.3d 956 (7th Cir. 2005) .................................................7

*Jackson v. Nw. Mem'l Hosp.*,
  No. 19-CV-4924, 2023 WL 5934894 (N.D. Ill. Sept. 12, 2023)...........4

*Jones v. Leavitt*,
  No. 02-CV-4874, 2005 WL 946885 (N.D. Ill. Mar. 18, 2005).............17

*Palmer v. Ind. Univ.*,
  31 F.4th 583 (7th Cir. 2022) .................................................9

*Palmer v. Marion Cnty.*,
  327 F.3d 588 (7th Cir. 2003) ............................................5, 19

*Ramon v. Ill. Gastroenterology Grp., LLC*,
  No. 19-CV-1522, 2021 WL 1088316 (N.D. Ill. Mar. 22, 2021)...........16

*Rand v. CF Indus., Inc.*, 42 F.3d 1139 (7th Cir. 1994) .................................2

*Rivera v. Guevara*,
  319 F. Supp. 3d 1004 (N.D. Ill. 2018) .................................................3

*Sattar v. Motorola, Inc.*,
  138 F.3d 1164 (7th Cir. 1998) .................................................15

*Spitz v. Proven Winners N. Am., LLC*,
  759 F.3d 724 (7th Cir. 2014) .................................................1

*Springer v. Durflinger*,
  518 F.3d 479 (7th Cir. 2008) .................................................12

*Tomanovich v. City of Ind.*,
  457 F.3d 656 (7th Cir. 2006) .................................................16

*Williams v. Extra Space Storage, Inc.*,
  No. 16-CV-3313, 2019 WL 2994530 (N.D. Ill. July 9, 2019)............16

## STATUTES AND RULES

42 U.S.C. § 1981.................................................16

L.R. 56.1.................................................3

## INTRODUCTION

"Summary judgment is not a dress rehearsal or practice run; it 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (citations omitted).

After nearly 2.5 years of litigation, Plaintiff Michael Peaster ("Plaintiff" or "Peaster") has failed to present any evidence to contradict and/or otherwise create a material question of fact regarding the key dispositive evidence McDonald's has presented in support of its Motion for Summary Judgment ("Motion"). Instead, he relies almost exclusively on his own unsupported speculation, which is insufficient to create a question of fact to avoid summary judgement. *Est. of Biegert v. Molitor*, 968 F.3d 693, 701 (7th Cir. 2020) ("A dispute of fact is not genuine if "the evidence supporting [one] version of events does not rise above speculation or conjecture." (alteration in original) (citation omitted)).

Peaster's Response to the Motion[1] fails to controvert a single material fact with admissible evidence. He abandons many of his claims and attempts to salvage what remains with misdirection: he distorts the record evidence, attempts to blame others with no basis – including an "overzealous customs agent determined to have his dog hit on" Peaster's luggage – claims witnesses who testified under oath must be lying, seeks to spin simple workplace interactions into federal claims, and concocts a conspiracy theory that McDonald's was willing to jeopardize the safety of its senior-most executives to "set up" the termination of Peaster's employment. But "reasonable inferences" are not imaginary ones, *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d

---

[1] ECF No. 174, hereinafter referred to as "Response" or "Resp."

724, 730 (7th Cir. 2014), and speculation, conspiracy theory and character attacks are not a substitute for proof. *See Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994) (inferences and opinions "grounded on … flights of fancy, speculations, hunches [and] intuitions" are insufficient to preclude summary judgment (citation omitted)). Peaster's excuse-laden response is simply insufficient *as a matter of law* to withstand summary judgment. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 734, 736-37 (7th Cir. 2008).

Peaster offers no evidence to rebut critical, case-dispositive facts: *e.g.,* who made the decision to terminate his employment█████████████████, why that decision was made████ ███████████████████████████████ the events that caused it ██████████████████████████████ He cannot identify any similarly situated employee who was treated more favorably than him. Nor is there any evidence in the record upon which a trier of fact could reasonably conclude that McDonald's proffered reasons for any asserted adverse action were pretextual, that Peaster engaged in protected activity in the first instance, or that his race or asserted protected activity caused any alleged adverse employment action. Again, baseless speculation is simply not enough to avoid summary judgement in Defendants' favor. *Id.*

Once Peaster's improper denials to Defendants' Joint Statement of Facts are put to the side and the record is reviewed objectively and in its totality, this case collapses under its own weight. There is no basis to allow this case to go to a jury. Summary judgment should be granted in full.

## ARGUMENT

### I.    PEASTER'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS VIOLATES THE LOCAL RULES

The Seventh Circuit has repeatedly upheld a district court's discretion to require strict compliance with the Local Rules regarding summary judgment. *Hinterberger v. City of*

*Indianapolis*, 966 F.3d 523, 528-29 (7th Cir. 2020). This court should exercise such discretion in this case.

### A.    <u>Peaster Violates The Local Rules By Failing To Cite To Record Evidence</u>

Facts 84 and 85 of Defendants' Joint Statement of Undisputed Facts[2] go to the heart of this case and the viability of Plaintiff's Complaint. These paragraphs assert:



(RSOF ¶¶ 84, 85). While Peaster claims those facts are "disputed," he violates the Local Rules by failing to point to any evidence in the record that actually controverts them.

Local Rule 56.1(e)(3) (and this Court's Standing Order requiring strict compliance with the same) directs a responding party to "cite specific evidentiary material that controverts the fact [in question] and … concisely explain how the cited material controverts the fact." L.R. 56.1(e)(3). Further, "[a]sserted facts may be deemed admitted if not controverted with specific citations to evidentiary materials." *Id.*

First, Peaster's response to Facts Nos. 84 and 85 ***fails to cite any specific evidentiary material***. Instead, he cross-references <u>31 paragraphs</u> from his Additional Statement of Facts. Courts in this District routinely deem asserted facts admitted under such circumstances. *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1019–20 (N.D. Ill. 2018) ("using a cross reference saves counsel time but offloads on the court the burden of identifying what is factually disputed and whether the

---

[2] Plaintiff's Responses to Defendants' Corrected Statement of Undisputed Facts, ECF No. 176 is hereinafter referred to as "RSOF". Defendants' Joint Statement of Undisputed Facts, ECF No. 159 is hereinafter referred to as "SOF".

dispute is material.") (citation omitted); *Jackson v. Nw. Mem'l Hosp.*, No. 19-CV-4924, 2023 WL 5934894, at *1–3 (N.D. Ill. Sept. 12, 2023) (plaintiff's "denials improperly cross-reference other responses instead of citing specific factual evidence to dispute the fact."); *Chi. Reg'l Council of Carpenters Pension Fund v. Carlson Constructors Corp.*, No. 17-CV-04242, 2022 WL 874608, at *5 (N.D. Ill. Mar. 24, 2022). Peaster's approach is particularly egregious given that the 31 cited paragraphs are comprised of 70 sentences which cite to 21 unique exhibits containing 169 pages of evidence. Peaster's attempt to overload this Court in hopes of causing sufficient confusion to create a factual dispute that does not exist is telling as to viability of his claims.

Second, Peaster fails to explain how the material he does cite controverts the asserted facts. Nor can he, because none of the 31 paragraphs refute the facts asserted by Defendants in Paragraphs 84 and 85 or even concern the decision to terminate Peaster's employment.

**B.** **Peaster's Response To Defendants' Facts Is Overloaded With Improper Denials**

Lacking any evidence to refute Defendants' properly supported facts, Peaster's response to Defendants' Statement of Undisputed Facts relies mostly on improper and unsupported denials. (*See, e.g.*, RSOF ¶ 55 ████████████████████████████████

████████████████████████████████████████████████████████

████). While Peaster "dispute[s]" 56 of Defendants' asserted facts, a careful review of the cited evidence confirms that there is no genuine dispute as to any of those facts. Moreover, Peaster's response repeatedly addresses only a portion of each asserted fact – making no attempt to dispute the entirety of each of Defendants' factual assertions. Further, the admissible evidence Peaster

does proffer[3] fails to meet the facts asserted head on and falls far short of creating a genuine issue for trial.

## II. PEASTER CANNOT PREVAIL ON HIS DISPARATE TREATMENT CLAIM

### A. Peaster Has Not Established That (i) The Conduct Of Which He Complains Constitutes Adverse Employment Actions and (ii) Defendants' Legitimate Non-Discriminatory Reasons For Such Actions Were Pretextual.

The Motion established that, other than the termination of Peaster's employment, the conduct about which Peaster complains is not actionable. (Mot.[4] 9-12). By failing to respond to the arguments asserted in the Motion, Peaster has abandoned most of the allegations he relied upon in his Complaint to support the existence of an adverse employment action necessary to sustain his disparate treatment claim. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597–98 (7th Cir. 2003) (claims not responded to are abandoned). This includes: ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[3] Peaster repeatedly seeks to create a dispute of fact by relying on inadmissible hearsay within e-mail exhibits that purport to describe out-of-court statements attributed to others. (*See, e.g.,* RSOF ¶ 40 (citing Ex. 3, ECF No. 177-4), ¶ 71 (citing Ex. FF, ECF No. 146-32), ¶ 86 (citing Ex. 11, ECF No. 177-12). *See also* Defendants' Response to Plaintiff's Statement of Additional Facts (hereinafter referred to as "RASOF" ¶ 32 (citing Ex. 6, ECF No. 177-7)).

[4] "Mot." hereinafter refers to McDonald's Corporation's Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 139.

[5] These undisputed facts foreclose any attempt by the Response to claim that the failure to allow Peaster to fly on the corporate jet on one occasion shows pretext for the retaliation claim. (Resp. 17).

██████████████████████████████████████████████████

████████████████████████████████████████

Peaster now repackages what remains of his allegations to claim that he suffered a change in his "job duties that reduce[d] [his] further career prospects" (Resp. 12).[6] On this point, the Response merely states that the security lapses that occurred under his leadership were the result

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[6] While the factual summary of the Response references a demotion Peaster received in 2015 (Resp. 2, 3), that demotion is not at issue in this litigation and does not form the basis of any claims asserted.

[7] Plaintiff's Statement of Additional Facts, ECF No. 177 is hereinafter referred to as "ASOF".

[8] While Peaster continues to raise that he was not permitted to back-fill certain positions, he only does so in the context of his arguments that he was treated less favorably than purported comparators, and not in terms of having suffered an adverse employment action. (Resp. 12-13).



Finally, and most significantly, the Response fails to address – and Peaster presents no evidence to dispute – Defendants' legitimate non-discriminatory reasons for the alleged adverse employment actions. (Mot. 10-12; *see also* Resp. 11-12, 14-15).

**B.    Peaster Fails to Identify any Similarly Situated Employees Treated More Favorably Than Him**

**1.    Peaster Fails To Identify A Comparator For His Employment Termination Claim**

Peaster has not identified a comparable employee who was "directly comparable [to him] in all material respects." *Ineichen v. Ameritech*, 410 F.3d 956, 960-61 (7th Cir. 2005) (citation omitted).  This requires Peaster to "show not only that the employees reported to the same supervisor, ***engaged in the same conduct***, … but also show that there were no 'differentiating or mitigating circumstances as would distinguish, … the employer's treatment of them.'" *Id.* (emphasis added) (citations omitted).

Peaster fails to meet his burden. (Resp. 12-13). Specifically, he does not identify any employee who engaged in the ***same conduct*** as him and was treated more favorably – *i.e.*, someone who failed to perform core job responsibilities yet whose employment was not terminated.  This critical omission forecloses his *prima facie* case with respect to his employment termination claim.

*See Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006) (to be similarly situated, the "employee must show that the other coworker had a 'comparable set of failings.'" (citation omitted)).

### 2. Peaster Fails To Identify A Proper Comparator For His Change In Job Duties Claim

At best, the Response merely states in passing that Peaster "identified white peers within the Legal Department who were permitted to backfill positions while he was denied that ability." (Resp. 12-13 (citing ASOF ¶¶ 28-32 & RSOF ¶¶ 30-34)).[9] The Response, however, fails to present this Court with any analysis or explanation as to *how* Peaster's specific comparators are comparable to him and *how* they were treated more favorably. (Resp. 12-13). These omissions are fatal to establishing a disparate treatment claim.

Peaster also fails to provide this Court with the necessary information to establish that his peers within the Legal Department are similarly situated to him in "all material respects." *Franklin v. Maximus, Inc.,* No. 21 CV 4367, 2024 WL 5077767, at *7 (N.D. Ill. Dec. 11, 2024) (J. Jenkins). He fails to provide any evidence to establish: (i) what positions these asserted comparators purportedly held; (ii) to whom each reported; (iii) who purportedly approved the back-fill requests; (iv) when such back-fill requests were approved; (v) what positions were purportedly back-filled; or (vi) that there were no differentiating or mitigating circumstances as would distinguish the

---

[9] 

Company's treatment of these alleged comparators. *See Crain v. McDonough*, 63 F.4th 585, 592 (7th Cir. 2023) (listing factors for determining a proper comparator). Such information is especially important given the undisputed evidence establishes that, during the relevant time period, ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Peaster presents no evidence that other similarly-situated employees were able to backfill positions within that time range (and if they did so, whether they replaced such positions with full-time hires or external contractors). Peaster merely claims that these purported comparators worked in the same Legal Department as he did, which is wholly insufficient to establish an appropriate comparator. *See Palmer v. Ind. Univ.*, 31 F.4th 583, 590-91 (7th Cir. 2022).[10]

### C. Peaster Has Not Established That He Met McDonald's Legitimate Performance Expectations.

Peaster presents no evidence to meet ***his burden*** of establishing that he was meeting McDonald's legitimate performance expectations at the time his employment was terminated. None. To this point, Peaster admits that: ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[10] Peaster also fails to dispute that there were a number of positions that Ralls-Morrison and another white colleague were unable to back-fill. (RSOF ¶¶ 33-34).

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ (RSOF ¶¶ 74, 80).[12]

The closest Peaster comes to responding to McDonald's argument that he failed to meet the expectations of his position is to cite to *Grayson v. O'Neill*, 308 F.3d 808, 818 (7th Cir. 2002) for the proposition that "where the expectations are themselves applied in a discriminatory or retaliatory way, the second and fourth prong of *McDonell Douglas* merge." (Resp. 13). But Peaster presents this Court with no evidence that the expectations of his position were applied as such.[13]

### D.     Peaster Has Not Shown Pretext

"[A]n employer's honest belief that there was a non-discriminatory reason for termination overcomes any assertion of pretext." *Blockhus v. United Airlines, Inc.,* No. 24-1043, 2024 WL 4234658, at *4 (7th Cir. Sept. 19, 2024), *cert. denied*, No. 24-1054, 2025 WL 1287086 (U.S. May

---



[11] ████████████████████████████████████████████
███████████████████████████████

[12] ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

[13] *Grayson* is not helpful to Plaintiff.  The *Grayson* court affirmed the entry of summary judgment on the grounds that the plaintiff, like Peaster, could not point to any comparator who engaged in similar conduct who was treated more favorably; nor could plaintiff show pretext.  *Grayson*, 308 F.3d at 818-20. The Seventh Circuit made a point to note that plaintiff "shamelessly refuses to accept responsibility for his own misguided activity and instead points the finger" at others.  *Id.* at 820.  The same is true here.

5, 2025). The Response makes no attempt to establish that McDonald's did not honestly believe the reasons for the termination of Peaster's employment or any other alleged adverse employment action. (*See* Resp. 14-15). Nor is there any evidence in the record to support such a conclusion.

The evidence in the record is undisputed that: ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

The Response further concedes that Kempczinski and his wife were "understandably upset" about the security breach and that "Peaster obviously regrets this incident." (Resp. 8). Peaster's admissions foreclose any attempt to show that McDonald's did not honestly believe the

reasons proffered for the termination of Peaster's employment, and the Response does not present any objective evidence to the contrary. (*Id.* at 14-15).[14]

In addition, to show pretext, a plaintiff "must directly address [the employer's] proffered reason and present evidence suggesting that the particular reason [the employer] provides is a pretext." *Aylward v. Hyatt Corp.*, No. 03-CV-6097, 2005 WL 1910904, at \*13 (N.D. Ill. Aug. 5, 2005). The Response fails to directly address McDonald's proffered reason for the termination decision. Rather, it side-steps the dispositive issue and inappropriately attempts to misdirect the Court by pointing to four claimed inconsistencies in the record, three of which are unrelated to the termination decision. (Resp. 14-15). Peaster claims McDonald's witnesses must be "lying" on these immaterial points (*id.* at 15 ("A jury can easily conclude that the McDonald's witnesses are lying."); *see also id.* at 14 ("Ralls-Morrison herself is not credible")). Peaster's arguments are unsupported by the record evidence and are insufficient as a matter of law to create a genuine dispute of fact.[15] *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("[W]hen challenges to a witness' credibility are all that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper.").

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[14] ████████████████████████████████████████████████

[15] Unfortunately, this is not the first time Plaintiff's counsel has resorted to making unnecessary, unprofessional, inflammatory and disparaging remarks directed at McDonald's Chief Legal Officer. (*See* ECF No. 27 at 2).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

    With respect to the other three "inconsistencies" (none of which demonstrate pretext regarding Ralls-Morrison's decision to terminate Peaster's employment):

█ ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[16] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████





In short, Peaster has altogether failed to show that McDonald's proffered reason for the termination decision was pretextual.

### E. Peaster Has Not Established "But For" Causation

The Response fails to address Defendants' arguments that there is no evidence that any of the alleged adverse actions would not have occurred "but for" Peaster's race. (Mot. 14; *see* Resp. 10-15). Nor does the Response address Defendants' argument that "but for" causation cannot be established because Peaster admitted at his deposition that the alleged adverse conduct occurred because of other motives besides his race. (Mot. 14).

### F. The Undisputed Evidence Confirms McDonald's Did Not Act With Discriminatory Intent

Peaster does not dispute that the same person who promoted him in January 2022 also made the decision to terminate his employment (RSOF ¶¶ 2, 7, 84), thus entitling McDonald's to an inference of non-discrimination based on the common actor defense. (Mot. 14).[18] It is also undisputed that the individual selected to permanently assume Peaster's job responsibilities is

---

[18] Peaster's only response to McDonald's common actor defense is relegated to a footnote. (Resp. 15 n.9). He cites to *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998) for the proposition that the "common actor inference does not preclude finding of discrimination where circumstances changed after promotion." *Sattar* stands for no such thing. *Sattar* did not address the common actor defense. Peaster also fails to explain how his circumstances "changed" after his promotion such that the common actor defense should be precluded.

African-American (as is Ralls-Morrison), further rendering implausible any suggestion of discriminatory animus. (RSOF ¶¶ 84, 87; Mot. 14-15). *See Ramon v. Ill. Gastroenterology Grp., LLC*, No. 19-CV-1522, 2021 WL 1088316, at *6 (N.D. Ill. Mar. 22, 2021); *Williams v. Extra Space Storage, Inc.*, No. 16-CV-3313, 2019 WL 2994530, at *8 (N.D. Ill. July 9, 2019).

## III.   PEASTER CANNOT PREVAIL ON HIS RETALIATION CLAIM

### A.   Peaster has Failed to Demonstrate that he Engaged in Protected Activity

The Response relies on the following excerpt from the November 2021 Town Hall to establish that Peaster engaged in protected activity (Resp. 16):



To establish a § 1981 retaliation claim, a plaintiff must take some action to oppose discriminatory practices that the statute proscribes, *Henderson v. Marker*, No. 13-CV-2621, 2014 WL 886833, at *9 (N.D. Ill. Mar. 5, 2014), *aff'd*, 581 F. App'x 577 (7th Cir. 2014), and "must indicate the discrimination occurred because of sex, race, national origin, or some other protected class." *Tomanovich v. City of Ind.*, 457 F.3d 656, 663 (7th Cir. 2006). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.*

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████ [19]

**B.**    **McDonald's Did Not Take Any Adverse Employment Action Against Peaster With Respect To His Budget.**

Peaster's claim that he suffered adverse employment actions fails for the reasons set forth

in Section II.B. In the retaliation section of the Response, ██████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████

      ████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[19] Peaster again mischaracterizes the record evidence by asserting in the introduction section of the Response that he ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

**C.**     <u>**Peaster Failed to Establish Causation**</u>

Peaster fails to present even a scintilla of evidence that "but for" his Town Hall comments his employment would not have been terminated or any other alleged adverse employment action would not have occurred. On this dispositive point, the Response fails to cite to any factual

paragraphs or evidence. (Resp. 16-17).[20] Peaster presents ___no evidence___ to connect his Town Hall comments to any alleged adverse action. Moreover, while Peaster focuses on the conduct of Kempczinski (*see supra* n. 20), ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Dranchak v. Akzo Am., Inc.*, No. 92-CV-1295, 1995 WL 470245, at *8 (N.D. Ill. Aug. 7, 1995), *aff'd sub nom. Dranchak v. Akzo Nobel Inc.*, 88 F.3d 457 (7th Cir. 1996).

> **D.**     **There Is No Evidence Of Pretext To Support Peaster's Retaliation Claim.**

Peaster cannot establish pretext for the reasons noted *supra* Section II.D.

> **E.**     **Peaster Abandoned His Retaliation Claim Premised On McDonald's Offer Of Enhanced Retirement Benefits**

Peaster's retaliation claim premised on McDonald's requiring him to sign a release of claims to receive enhanced retirement benefits (Mot. 17) fails because Peaster did not respond to the arguments for dismissal asserted in the Motion. *See Palmer*, 327 F.3d at 597–98. Peaster also did not satisfy all conditions precedent to receiving such benefits. (RSOF ¶¶ 89-90).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment in favor of McDonald's Corporation.

Dated: June 12, 2025            Respectfully submitted,

                               */s/ Nigel F. Telman*
                               Nigel F. Telman

---

[20] ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

*Attorneys for Defendants McDonald's Corporation and Christopher Kempczinski*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2025, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
William B. Whitner
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602
cdc@cdcaruso.com
wbw@cdcaruso.com

*/s/ Nigel F. Telman*