IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-07037 |
| | ) | |
| v. | ) | |
| | ) | Honorable Lindsay C. Jenkins |
| McDONALD'S CORPORATION, a | ) | Honorable Heather K. McShain |
| Delaware corporation, and | ) | |
| CHRISTOPHER KEMPCZINSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHRISTOPHER KEMPCZINSKI'S REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant Christopher Kempczinski ("Defendant" or "Kempczinski"), by and through his undersigned counsel, hereby files his Reply in Support of His Motion for Summary Judgment as follows:

**INTRODUCTION**

Plaintiff Michael Peaster's ("Peaster's") Response to Kempczinski's Motion for Summary Judgment[1] removes all doubt that: ██████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████ Peaster fails to present any record evidence to the contrary (because none exists). He also fails to respond to Kempczinski's argument on this point.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] ECF No. 175, hereinafter referred to as "Response" or "Resp."

██████████████ Peaster has thus abandoned his discrimination and retaliation claims against Kempczinski premised on the termination of Peaster's employment. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597–98 (7th Cir. 2003) (claims not responded to are abandoned).

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████

To salvage what remains of his claims, Peaster attempts to dramatically expand the scope of individual liability under Section 1981. He attempts to contort ordinary workplace interactions into federal claims against McDonald's CEO. Specifically, Peaster seeks to hold Kempczinski personally liable because he believes the following occurred after the Town Hall meeting: █

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█

Because Peaster is unable to controvert even a single factual statement set forth in Defendants' Joint Statement of Facts with admissible evidence, Peaster seeks to survive summary judgment on these allegations with misdirection, speculation, and significant distortions of the record evidence. For example, the Response repeatedly claims that Kempczinski had a ███

---

[2] "RSOF" hereinafter refers to Plaintiff's Responses to Defendants' Corrected Statement of Undisputed Facts, ECF No. 176.

███████████████████████████████████████████████

███████████████████████████████████ (Resp. 1, 5, 12, 14).[3] But there is no evidence in the record to support any of these statements. Nor are such conspiracy theories sufficient to withstand the entry of summary judgment. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 736-37 (7th Cir. 2008) (speculation and claims that witnesses lied to conceal their true motives insufficient to withstand summary judgment).

Once Peaster's mischaracterizations and improper denials to Defendants' Joint Statement of Facts are put to the side and the record is reviewed in its totality, the claims against Kempczinski collapse under their own weight. Such claims fail as a matter of law for the reasons set forth in McDonald's Corp.'s Motion for Summary Judgment. And with respect to the specific allegations directed at Kempczinski as noted above, such allegations do not constitute adverse employment actions. Further, Peaster fails to establish that Kempczinski personally participated in certain of the alleged conduct and does not attempt to rebut Defendants' legitimate, non-discriminatory and non-retaliatory reasons for such alleged actions. Nor does Peaster establish but-for causation. Thus, there is no basis to allow these claims to go to a jury and summary judgment should be granted in full.

---

[3] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**ARGUMENT**

I. **PEASTER HAS ABANDONED HIS DISCRIMINATION AND RETALIATION CLAIMS AGAINST KEMPCZINSKI PREMISED ON THE TERMINATION OF HIS EMPLOYMENT**

Kempczinski's Motion for Summary Judgment[4] established that Kempczinski had no personal involvement in the decision to terminate Peaster's employment and, consequently, Peaster's discrimination and retaliation claims against Kempczinski premised on Peaster's discharge fail as a matter of law. (Mot. 10, 13). The Response does not address this argument or present any evidence to the contrary. (*See* Resp. 11-15). Nowhere in the Response does Peaster claim that Kempczinski had any involvement in the employment termination decision. Peaster also does not raise any new facts in his Additional Statement of Facts concerning Kempczinski's purported involvement in the decision to terminate his employment. Peaster, therefore, abandons this claim. *APM Rest. Grp., Inc. v. Associated Bank,* No. 16-CV-2495, 2019 WL 3024452, at *8 (N.D. Ill. July 10, 2019) (collecting cases).

Indeed, the very authority Peaster relies on in his Response forecloses the employment termination claim against Kempczinski. Peaster cites to *Muhammad v. Univ. of Chi.*, No. 16-cv-09998, 2024 WL 4367874, at *10 (N.D. Ill. Sept. 30, 2024) for the proposition that personal participation is sufficient to confer liability when the adverse action occurred at the defendant's "direction or with [his] knowledge or consent." (Resp. 13).[5] Yet, on the very same page to which

---

[4] ECF No. 142, hereinafter referred to as "Motion" or "Mot."

[5] While Peaster purports to "dispute" SOF ¶ 86, which concerns Kempczinski's lack of involvement in the employment termination decision, Peaster does not address this factual paragraph in the Response. *Landry v. Abbott Lab'ys*, No. 17-CV-8499, 2020 WL 1848209, at *4 (N.D. Ill. Apr. 13, 2020) (considering "only the specific portions of the Local Rule 56.1 fact statements plaintiff cites in the analysis section of her memorandum [because] Local Rule 56.1 statements do not abrogate a party's obligation to recite its version of the facts in its supporting memorandum."). Further, none of the evidence Peaster cites in response to Defendants' Joint Statement of Undisputed Facts, ECF No. 159 ("SOF") ¶ 86 contravenes the fact that Kempczinski was not involved in the employment termination decision: none of the cited evidence even concerns the decision or otherwise suggests Kempczinski's involvement in the decision.

Peaster cites, the *Muhammad* Court **granted** summary judgment for the individual defendant because the plaintiff "adduced no evidence that [the defendant] either participated in or had control over the decision to terminate [plaintiff]." *Muhammad*, 2024 WL 4367874, at *10. Here, like *Muhammad*, Peaster has not adduced any evidence that Kempczinski participated in or had control over the decision to terminate Peaster's employment. ████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The undisputed evidence compels entry of summary judgement with respect to Peaster's discrimination and retaliation claims directed at Kempczinski as an individual based on the decision to terminate Peaster's employment with McDonald's.

## II. THE REMAINING CLAIMS ASSERTED AGAINST KEMPCZINSKI ALSO FAIL AS A MATTER OF LAW

The Response attempts to hold Kempczinski liable under Section 1981 because he purportedly: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Resp. 11-12). Peaster's claims fail as a matter of law for the following reasons.

---

[6] "RASOF" hereinafter refers to Defendants' Response to Plaintiff's Statement of Additional Facts, filed contemporaneously herewith.

5

*First*, Peaster has failed to establish that any of the aforementioned conduct constitutes an adverse employment action. He presents no argument or evidence to establish that any of the above resulted in a change to any of the terms or conditions of his employment. *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024). And Peaster fails to identify any change in his compensation, job duties, or career prospects as a result of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Booker v. Su*, No. 22-cv-01028, 2024 WL 4299683, at *5-6 (N.D. Ill. Sept. 26, 2024).

*Second*, Peaster has failed to respond to Defendants' argument that the alleged conduct is explained by legitimate, non-discriminatory and non-retaliatory reasons. (McDonald's Corp.'s Mot. at 9-12).[7] Peaster's failure to address those arguments or rebut the underlying evidence supporting such arguments forecloses his claim.

*Third*, a close review of the evidence that Peaster presents confirms that the alleged conduct underlying what remains of his claims is not actionable, is explained by legitimate reasons and/or that Peaster fails to present admissible evidence sufficient to establish Kempczinski's personal participation. Specifically:



---

[7] ECF No. 139.
[8] "ASOF" hereinafter refers to Plaintiff's Statement of Additional Facts, ECF No. 177.

6





8



9

### III. PEASTER PRESENTS NO EVIDENCE TO ESTABLISH BUT-FOR CAUSATION

Peaster fails to present a scintilla of evidence that Kempczinski engaged in any alleged adverse action because of Peaster's race. *Comcast Corp. v. Nat'l Ass'n of Afr. Am. Owned Media*, 589 U.S. 327, 341 (2020) (a § 1981 plaintiff must establish that "but for race" he would not have suffered the loss of a legally protected right).

At best, Peaster claims that ██████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Peaster's assertion is pure conjecture, yet another mischaracterization of the record evidence, and has nothing to do with the decision to terminate Peaster's employment.

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

███████████████████████████████████████
███████████████████████████████

With respect to Peaster's retaliation claim, for the reasons set forth in McDonald's Corp.'s reply brief, there is no evidence that Peaster's Town Hall comments were connected in any way to any alleged adverse employment action. Peaster does not present any evidence that Kempczinski and Ralls-Morrison (or any other employee) ever discussed Peaster's Town Hall comments and, as noted above, it is undisputed that Kempczinski was not involved in the decision to terminate Peaster's employment.[14]

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant summary judgment in favor of Christopher Kempczinski.

Dated: June 12, 2025

Respectfully submitted,

/s/ Nigel F. Telman
Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com



11

*Attorneys for Defendants McDonald's Corporation and Christopher Kempczinski*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2025, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
William B. Whitner
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602
cdc@cdcaruso.com
wbw@cdcaruso.com


*/s/ Nigel F. Telman*